The CITY OF MUSKOGEE, Oklahoma, a Municipal Corporation, and Mary Roberts, the duly appointed and qualified City Clerk of the City of Muskogee, Oklahoma, Appellants,

v.

Dutchey Ann LANDRY, Appellee.

No. 50325.

Supreme Court of Oklahoma.

June 21, 1977.

Dwight Hayes, City Atty., Muskogee, for appellants.

Sandlin & Payne by R. Forney Sandlin, Muskogee, for appellee.

BARNES, Justice:

This is a case of first impression in Oklahoma and involves a suit for a declaratory judgment concerning the interpretation of 11 O.S.1971, § 958.11.

Appellee, Dutchey Ann Landry, brought suit against the Appellants, City of Muskogee and its City Clerk, Mary Roberts. The parties stipulated that the municipal court of the City of Muskogee is a municipal court, not of record, created pursuant to 11 O.S.1971, § 958.1; that Mary Roberts is the duly appointed and qualified City Clerk of the City of Muskogee; that Lou McBride and Appellee, Dutchey Ann Landry, are, pursuant to 11 O.S.1971, § 958.11, and by

proper appointment, the duly appointed and qualified deputy clerks and/or clerks of said court; that August 31, 1976, the City Clerk issued a written memorandum directing the two above-mentioned deputies and/or clerks of court to initiate a cross-training program with regard to said deputies' and/or clerks' of court daily work; that September 7, 1976, a second memorandum reiterating the above was issued.

The cross-training program directed by the City Clerk, Mary Roberts, has not been implemented, and the deputy clerk and/or clerk of court, Dutchey Ann Landry, has specifically refused to follow the directive of the City Clerk in this matter. On September 27, 1976, the City Clerk, Mary Roberts, in writing, suspended the deputy clerk and/or clerk of court, Dutchey Ann Landry, for three days, effective October 4, 1976.

Thus, there is no dispute as to the facts, but rather the sole question to be answered by the Court here is an interpretation of the statute, 11 O.S.1971, § 958.11, which reads as follows:

"The city clerk of any city where such court is established, or a deputy designated by him, shall be ex officio the clerk of the Municipal Criminal Court. The clerk shall assist the judge in recording the proceedings of the court, preparation of writs, processes, or other papers; he shall administer oaths required in judicial or other proceedings before the court, and shall be responsible for the entry of all pleadings, processes, and proceedings in the dockets of said court. The clerk shall perform such other clerical duties in relation to the proceedings of the court as the judge shall direct. The clerk shall receive and give receipt for and disburse or deliver to the city treasurer, as herein provided, all fines, forfeitures, fees, deposits, and sums of money properly payable to the Municipal Criminal Court. Such funds and sums of money while in the custody of the clerk shall be deposited and disbursed upon vouchers as directed by the governing body of said city."

Upon submission of briefs of counsel, the Trial Court found Appellant Roberts, the City Clerk of the City of Muskogee, had no authority to issue a written memorandum directing the Clerk of the Municipal Criminal Court to carry out certain duties as the clerk of said court, and that the City Clerk had no authority to suspend the court clerk for not carrying out those written directions. The Trial Court further held Appellee Landry is the duly appointed and authorized Clerk of the Municipal Criminal Court of the City of Muskogee and that the City Clerk of the City of Muskogee had no authority to supervise the Clerk of the Municipal Criminal Court in carrying out her duties as such court clerk.

The Appellants bring this appeal urging the Trial Court erred in granting judgment to Appellee for the reason that the court failed to construe the statute in accordance with the rules of construction heretofore expressed by this Court and in light of previous decisions of this Court and other authorities.

Appellants contend that the Appellee was appointed as a deputy court clerk and that the City Clerk remained as the court clerk of said court, and, therefore, as the deputy court clerk, she was under the supervision of the City Clerk in carrying out her duties as Municipal Criminal Court Clerk.

Appellee, on the other hand, contends the City Clerk had the authority to act as the court clerk of the Municipal Criminal Court or appoint a clerk of the Municipal Criminal Court, and that, in this case, the City Clerk appointed a clerk for the Municipal Criminal Court and, once the appointment was made, that clerk assumed the duties and responsibilities and worked under the supervision of the court and judge thereof in accordance with the statutes of the State of Oklahoma, rather than under the supervision of the City Clerk, who is part of the executive branch of the city administration.

In support of its position that the Trial Court erred in ruling that the City Clerk was without authority to direct or supervise a deputy municipal court clerk appointed by the City Clerk, Appellants urge the Trial Court erroneously construed the word "deputy" in the statute, 11 O.S. 1971, § 958.11,

supra. Appellants rely on *Oklahoma City v. Century Indemnity Co.*, 178 Okl. 212, 62 P.2d 94 (1936), where the following statements about the relationship of a deputy to his principal were set forth:

"* * * The business and object of a deputy is to perform the duties of his principal."

\* · \* \* \* \* \*

"* * * The authority given by law to a ministerial office, and a deputy is ordinarily regarded as the agent or servant of his principal."

■ After reviewing this Court's earlier definition of "deputy" we think the Legislature selected the word "deputy" in § 958.11 supra, for the purpose of making the City Clerk ultimately responsible for the administration of the Municipal Criminal Court created in the statute. In our view, the Legislature mandated the traditional principal-agent relationship between the City Clerk and his deputy when the word "deputy" was placed in the statute, for had the Legislature intended to alter the judicially prescribed status of the deputy in this statute, such intention could have been accomplished by setting forth a definition of the word making that position independent of its appointing authority.

This principle was set forth in *Jones v. Goodson*, 121 F.2d 176 (10th Cir. 1941), where the Court said it must be presumed that Congress, on enactment of the Social Security Act, was cognizant of well-established principles followed by courts in determining the existence of a master-servant relationship and that, if different guides were intended, appropriate language would have been used to indicate such purpose. It was further stated in *Welty v. United States*, 14 Okl. 7, 76 P. 121 (1904), in the third syllabus:

"In construing a statute containing words which have a fixed meaning at common law, and the statute nowhere defines such words, they will be given the same meaning they have at common law."

■ We agree with Appellants' position for the following reasons: (1) The City Clerk, as principal, is responsible and liable for the acts of the deputy; therefore, to hold he is without supervision over the deputy is illogical; and (2) the appointing authority, the City Clerk, is inherently invested with the power of removal, where the appointment is for an indefinite term. 14 C.J.S. Clerks of Court § 88. Thus, to say the City Clerk is without any remedy or authority except removal is harsh and unworkable.

■ We conclude the intent of the Legislature in enacting 11 O.S. 1971, § 958.1, and by using the word "deputy", was to make the City Clerk ultimately responsible for the performance of the administrative functions of the Municipal Criminal Court, under the direction of the Municipal Judge; that the City Clerk is the clerk of the Municipal Criminal Court; that any deputy appointed by the City Clerk is a subordinate and answerable to the City Clerk; and that a cross-training program with regard to the deputy's work can therefore be implemented in the instant case.

It is to be noted that Appellee herein cites no cases in support of her position, but relies entirely on the article in 18 O.L.R. 24, entitled "Policy, Legislation, and Organization of Municipal Courts in Oklahoma." We find Professor Whinery's comments therein concerning the judge and the clerk of the Municipal Criminal Court inapplicable to the case at bar because the article deals with the divorcement of the administrative functions of the Municipal Criminal Court from the police department, thus separating the prosecutorial function from the judicial function. Here, we are concerned with the efficient operation of the City Clerk's office, and the dual or cross-training of the Clerk's deputy to also serve as deputy court clerk is commendable and should be encouraged rather than prohibited.

We hold that the Trial Court erred in granting judgment to Appellee and that the cause should be reversed and remanded with instructions to the Trial Court to enter judgment for Appellants.

REVERSED AND REMANDED.

All the Justices concur.